IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE R. PADILLA,

                                                                                                           ORDER

                   Plaintiff,

                                                                                               12-cv-585-bbc

     v.

DR. GARY MAIER,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Jose Padilla contends that defendant Gary Maier violated his rights under the Eighth Amendment and state law by encouraging him to cut himself as a method for dealing with his mental health problems. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1).

This is the second time plaintiff time has sued defendant Maier on the ground that defendant encouraged plaintiff to cut himself in December 2009. In case number 11-cv-425-bbc, plaintiff was granted leave to proceed on his claim against defendant, but the claim was later dismissed because plaintiff had failed to exhaust his administrative remedies. As I explained in an order dated December 8, 2011, prisoners are required by 42 U.S.C. § 1997e(a) to exhaust all available administrative remedies before filing a lawsuit in federal

1

court. In Wisconsin, inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. Although plaintiff had attempted to file a grievance about defendant, his grievance was more than one year late and was rejected by the complaint examiner as untimely. Because plaintiff did not file a timely grievance, he had failed to exhaust his administrative remedies.

In his new complaint, plaintiff alleges that he has now exhausted his administrative remedies. If this is true, plaintiff could proceed with his claim against defendant, because his previous claim was dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice."). However, plaintiff does not explain how he managed to exhaust his administrative remedies with respect to his claim against defendant and has provided no documentary evidence to support his allegation. At the time plaintiff's previous claim against defendant was dismissed in December 2011, the complaint examiner had already rejected plaintiff's untimely attempts to file grievances about defendant. It seems likely that any additional attempts by plaintiff to file a new grievance about defendant after December 2011 would lead to the same result. At that point, plaintiff's grievance would have been more than two years late, well outside the 14-day deadline.

I will not grant plaintiff leave to proceed on his claim against defendant without some

2

evidence from plaintiff showing that he has, in fact, exhausted his administrative remedies. Without such evidence, allowing this case to move forward would be a waste of judicial resources and would impose an unnecessary burden on defendant. Before proceeding further with this case, I will give plaintiff an opportunity to supplement his complaint with copies of the grievances he filed related to defendant, as well as the responses or rejections he received from the Department of Corrections. If plaintiff does not respond within the deadline or if plaintiff's evidence does not prove that he exhausted his administrative remedies, I will dismiss the case.

## ORDER

IT IS ORDERED that plaintiff Jose Padilla has until October 26, 2012 to file evidence showing that he has exhausted his administrative remedies with respect to his claim against defendant Gary Maier. Plaintiff must submit documentary evidence in the form of any grievances and appeals he filed, as well as any responses or rejections he received from the Department of Corrections. If plaintiff does not respond by October 26, 2012, this case will be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies.

Entered this 15th day of October, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge