IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE R. PADILLA,

                    Plaintiff,

      v.

DR. GARY MAIER,

                    Defendant.

OPINION and ORDER

12-cv-585-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Jose Padilla contends that defendant Gary Maier violated his rights under the Eighth Amendment and state law by encouraging him to cut himself as a method for dealing with his mental health problems.  In an order entered October 15, 2012, dkt. #7, I explained that this was the second time plaintiff had sued defendant Maier on the ground that defendant encouraged plaintiff to cut himself in December 2009.  In case number 11-cv-425-bbc, plaintiff was granted leave to proceed on his claim against defendant, but the claim was later dismissed because plaintiff had failed to exhaust his administrative remedies.  In the October 15 order, I told plaintiff that I would not permit him to proceed on his claim against defendant in this case without some evidence from plaintiff showing that he has now exhausted his administrative remedies.  Otherwise, allowing this case to move forward would be a waste of judicial resources and would impose an unnecessary burden on defendant.

1

Plaintiff has responded, stating that he has exhausted his admininstrative remedies with respect to his claim against defendant.  Dkt. #9.  However, after reviewing plaintiff's submission, it is clear that he has not, in fact, exhausted his admininstrative remedies.  Therefore, plaintiff's case must be dismissed.

OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court, meaning that the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)).  To satisfy exhaustion requirements, the prisoner must give the prison grievance system "a fair opportunity to consider the grievance," which requires that the complainant "compl[y] with the system's critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006) and that the grievance "contain the sort information that the administrative system requires." Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002).  Section 1997e(a) requires more than simply notifying the prisoner grievance system once; a prisoner must take any administrative appeals available under the administrative rules.  Burrell, 431 F.3d at 284-85.

In Wisconsin, inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18.  Under these provisions, prisoners start the complaint process by filing an inmate complaint with the

2

institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. Id. at §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Id. at § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. Id. § 310.13.

Plaintiff's claim against defendant arises out of defendant's alleged recommendation in December 2009 that plaintiff cut himself in order to manage his psychiatric problems. As I noted in plaintiff's previous case, plaintiff filed offender complaint CCI-2011-2701 regarding defendant's alleged treatment recommendation. Dkt. #47 at 4, in 11-cv-425-bbc. However, the complaint examiner rejected plaintiff's complaint, stating that plaintiff's complaints about defendant's treatment were untimely. Id. at 5. The complaint examiner cited Wis. Admin. Code § DOC 310.11(5)(d), which states that a complaint may be rejected if "[t]he inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the [inmate complaint examiner] to extend the time limits." Id. I explained that because plaintiff had failed to file a grievance regarding his claim against defendant within the deadline imposed by state regulations, plaintiff failed to exhaust his administrative remedies. Id.

In the supplement he filed in the present case, plaintiff states that he has submitted

3

evidence providing that he exhausted his remedies with respect to his claim against defendant. However, the evidence plaintiff submitted establishes that plaintiff did not exhaust his administrative remedies. Plaintiff's new evidence shows that he filed offender complaint CCI-2012-13054 on June 25, 2012, alleging that defendant told plaintiff to cut himself. Dkt. #9-1. The complaint examiner rejected plaintiff's grievance on July 2, 2012, noting that plaintiff had already raised this issue in CCI-2011-2701. The complaint examiner cited Wis. Admin. Code § DOC 310.11(5)(g), which states that a complaint may be rejected if "[t]he issue has already been addressed through the inmate's prior use of the [inmate complaint review system]." Plaintiff appealed the rejection, but it was affirmed.

Although plaintiff has filed multiple grievances and appeals regarding defendant's alleged recommendation that plaintiff cut himself, this does not automatically mean that the plaintiff exhausted his administrative remedies. Instead, plaintiff can satisfy the exhaustion requirements of § 1997e(a) only by completing the grievance process "in the place, and at the time, the prison admininstrative rules require." Pozo, 286 F.3d at 1025. Plaintiff's complaint and exhaustion materials show that he did not complete the grievance process at the time the prison administrative rules required. His most recent grievance, filed on June 25, 2012, was rejected by the inmate complaint examiner because he had filed an untimely grievance about the same issue already. Plaintiff has suggested no reason why this rejection was improper. Accordingly, I am dismissing plaintiff's claim against defendant for failure to exhaust his administrative remedies.

ORDER

IT IS ORDERED that plaintiff Jose Padilla's complaint is DISMISSED without prejudice for failure to exhaust his administrative remedies.  The clerk of court is directed to enter judgment for defendant Dr. Gary Maier and close this case.

Entered this 7th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge